IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY MARSHALL, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 15-589-WS-N |
| CYNTHIA STEWART, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent Cynthia Stewart has filed and Answer (Doc. 12) and Petitioner has replied (Doc. 13). This matter is now ripe for the Court's consideration and has been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2254 Cases, and Local Rule 72.2(c)(4). For the reasons explained herein, it is **RECOMMENDED** that Marshall's Petition (Doc. 1) be **DISMISSED** without prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A).[1]

## BACKGROUND

Petitioner, Michael Anthony Marshall, is currently imprisoned at Fountain Correctional Facility serving a twenty-five year sentence for

---

[1] This Report and Recommendation has been amended from its original version (Doc. 17) to state that Marshall's Petition is "dismissed without prejudice" rather than "denied and dismissed with prejudice."

Murder and a ten year sentence for Assault in the Second Degree (to run concurrently). (Doc. 1 at 2, 16, 30). Marshalls' sentence was imposed on July 25, 1999, by the Circuit Court of Mobile County, Alabama following Marshall's pleading guilty. (*Id.* at 29-30). Following his sentencing, Marshall filed a Motion to Withdraw his Plea, which was denied on February 11, 2000, after a hearing. (*Id.* at 30.) Marshall appealed on March 27, 2000, but the appeal was dismissed as untimely. Marshall then filed a Motion to File an Untimely Appeal, which was also denied. (*Id.*)

On May 26, 2000, Marshall filed a motion for post conviction relief which was dismissed on December 6, 2000. (*Id.* at 31). Marshall appealed and the Alabama Court of Criminal Appeals affirmed the trial courts decision and issued a Certificate of Judgment on May 8, 2001. (*Id.* at 31). Marshall filed his second petition for post conviction relief on October 3, 2008, which was denied. He filed his third petition for post conviction relief on April 15, 2005, which was again denied. (*Id.*) Marshall appealed and the Alabama Court of Criminal Appeals affirmed the denial, the application for rehearing was overruled and the certificate of judgment of dismissal was issued on December 9, 2005. (*Id.* at 31-32). Petitioner filed his fourth petition for post conviction relief on July 13, 2012, and the petition was dismissed on April 18, 2013. Petitioner appealed and the Alabama Court of Criminal Appeals

dismissed the appeal as untimely and the Certificate of Judgment issued on August 9, 2013. (*Id.* at 32.)[2]

In 2000, Marshall filed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court (CV-0000796-RV-L).  (Doc. 12-1). The Magistrate Judge recommended that Marshall's petition be dismissed without prejudice for failure to prosecute and comply with the Court's order pursuant to Federal Rule 41(b).  (Doc. 12-1).  The recommendation was adopted by the District Court Judge on April 30, 2001.  (Doc. 12-2).

On February 25, 2004, Marshall filed another Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court (CV-04-0126-CB-B). (Doc. 12-4).  The Magistrate Judge recommended that the petition be dismissed with prejudice as time-barred because Marshall did not file the petition within the applicable one year statute of limitations or present evidence of extraordinary circumstances which would justify equitable tolling. (*Id.*)  The recommendation was adopted by the District Judge and Marshall's petition was denied on February 1, 2005.

In September, 2015[3], Marshall filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) seeking relief from his conviction for Murder and Assault in the Second Degree from the Circuit Court of Mobile County.   As grounds for relief, Marshall asserts actual

---

[2] Additional post conviction motions are referenced within the documents attached to Plaintiff's Complaint.  However, given the issue before this Court, any additional post conviction motions are inconsequential to the analysis herein below.
[3] The date on which Plaintiff delivered the Petition to be mailed, which did not identify the exact day.

3

innocence. The instant petition stems from the same convictions which were the subject of Marshall's first two petitions. Respondent has answered asserting that Marshall's petition is due to be denied as a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

## DISCUSSION

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), " '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' " *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir.1999), *quoting* 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir.2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections*, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to

4

consider it."), cert. denied sub nom. *Tompkins v. McNeil*, –––– U .S. ––––, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

Although this Court dismissed Marshall's prior habeas action on statute of limitations grounds, such dismissal constitutes an adjudication on the merits for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *Jordan v. Secretary, Dept. of Corrections*, 485 F.3d 1351, 1353 (11th Cir.2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Hutcherson v. Riley*, 468 F.3d 750, 755 (11th Cir.2006) (after failed, untimely § 2254 petition, petitioner must "satisfy the requirements under 28 U.S.C. § 2244(b)" in order to receive requisite authorization from appellate court to file successive habeas petition in district court);

In the present action, there is no question that Marshall's instant petition is successive. There is, likewise, no evidence that Marshall obtained the requisite permission before filing the instant petition. In his reply, Marshall does not refute that his petition is successive or that he failed to obtain permission to file it. Rather, Marshall insists that his "two key issues are his ineffective assistance of counsel claims in the appellant (appeal) proceedings of his case as well as his actual innocence [sic] claim which cannot be dismissed as successive or time barred." (Doc. 13 at 2). Marshall's reply fails to set forth any valid reason why this Court is not prevented, for

5

lack of jurisdiction, from considering Marshall's successive petition. *See Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), cert. denied, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). Accordingly, this cause is due to be dismissed.

## CONCLUSION

For the reasons set forth herein above, it is **RECOMMENDED** that Marshall's Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED** without prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party

was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE and ORDERED this the 25th day of October, 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**